IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| **RONALD W. WALDEN, JR.,** ) | |
| ) | |
| Plaintiff, ) | Civil Action No:  2:24-cv-00676 |
| ) | |
| v. ) | |
| ) | |
| **FRIS CHKN LLC,** ) | |
| **a Delaware Limited Liability Company,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff, **Ronald W. Walden, Jr.**, by and through his undersigned counsel, hereby files this Complaint against **FRIS CHKN LLC**, a Delaware Limited Liability Company, seeking injunctive relief, attorneys' fees and costs for violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*, and damages for violations of the law of the Commonwealth of Virginia.  In support of his allegations, Plaintiff states as follows:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq*. (the "ADA.")  The Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  The Court has supplemental jurisdiction over the subject matter of all other claims pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the properties that are the subject of this action are located in the City of Portsmouth and City of Norfolk, Virginia.

3. Plaintiff Ronald W. Walden, Jr. ("Mr. Walden") is a resident of the Commonwealth of Virginia.

4. Mr. Walden is a qualified individual with a disability as the term is defined by and within the meaning of the ADA. Mr. Walden is diagnosed with *osteogenesis imperfecta* and uses a wheelchair as his primary means of mobility.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Upon information and belief, **FRIS CHKN LLC**, ("Defendant,") is the owner, lessor, and/or operator of the place of public accommodation, including the real property and improvements which is the subject of this action (the "Properties.")

7. The Properties, known as Church's Chicken; are generally located at 350 Effingham St., Portsmouth, VA 23704 and 2308 E Princess Anne Rd, Norfolk, VA 23504.

8. The Defendant is registered to conduct business within the Commonwealth of Virginia through the Virginia State Corporation Commission and maintains a registered agent in this jurisdiction for the purpose of accepting service of process.

9. Defendant is responsible for complying with all applicable obligations of the ADA.

10. All events giving rise to this lawsuit occurred within the jurisdiction of the Eastern District of Virginia.

## COUNT I
## VIOLATION OF TITLE III OF THE ADA

11. The allegations set forth in the paragraphs above are incorporated by reference as if fully set forth in this count.

12. The Properties are a place of public accommodation and are therefore subject to Title III of the ADA.

13. Mr. Walden visited the Properties and plans to return to the Properties in the near future.

14. During the visit, Mr. Walden experienced serious difficulty accessing the goods and utilizing the services on the Properties due to the architectural barriers described in this Complaint and specifically in Paragraph 17.

15. Mr. Walden wants to visit the Properties but continues to experience serious difficulty as a result of the barriers described below, all of which exist at the time of this filing.

16. Mr. Walden plans to and will visit the Properties once the barriers described in Paragraph 17 and any other barriers have been removed.

17. Defendant discriminated and continues to discriminate against Plaintiff in violation of 42 U.S.C. §§ 12181, *et seq.*, and 28 C.F.R. §§ 36.302, *et seq.*, by excluding and/or denying Plaintiff the benefits of the goods and services located on the Properties by failing to provide and/or correct the following barriers to access which Plaintiff personally observed, encountered, and which hindered his access:

**350 Effingham St., Portsmouth, VA 23704:**

    A. Plaintiff personally encountered inaccessible parking designated as disabled due to a built-up curb ramp improperly protruding into the access aisle and disabled use parking space, causing excessive slopes. This condition made it difficult and unsafe for Plaintiff to exit his vehicle and transfer into his wheelchair;

    B. Plaintiff personally encountered an inaccessible restroom at the

Property due to a lack of a rear grab bar, a flush valve on the incorrect side, and a lack of clear floor space under the sink. These conditions made it difficult for him to use the restroom.

**2308 E Princess Anne Rd, Norfolk, VA 23504:**

A. Plaintiff personally encountered inaccessible parking designated as disabled due to low signage. This condition made it difficult for Plaintiff to identify the designated disabled parking areas from his vehicle;

B. Plaintiff personally encountered inaccessible parking designated as disabled due to a built-up curb ramp improperly protruding into the access aisle causing excessive slopes. This condition made it difficult and unsafe for Plaintiff to exit his vehicle and transfer into his wheelchair;

C. The plaintiff personally encountered an inaccessible restroom at the facility due to the lack of a rear grab bar and clear floor space under the sink. These conditions made it difficult and unsafe for the Plaintiff to use the restroom.

18. As of the date of this filing, the readily achievable barriers and other violations of the ADA exist. They have not been remedied or altered in such a way as to effectuate compliance with the applicable provisions of the ADA.

19. Independent of his intent to return to the Properties as a patron, Plaintiff intends to return to the Properties as an ADA tester to determine whether the barriers to access in this Complaint have been remedied.

20. Removal of the barriers to access located on the Properties is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

21. Removal of the barriers to access located on the Properties will allow Plaintiff to fully utilize the goods and services located on the Properties.

22. The Plaintiff was obligated to retain the undersigned counsel for filing and prosecution of this action. The provisions of 42 U.S.C. § 12205 entitle Plaintiff to seek from Defendant and receive payment for reasonable attorneys' fees, costs, and expenses of this action.

## COUNT II
## STATE LAW CLAIM

23. Plaintiff re-alleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

24. Defendant's Properties are a place of public accommodation under *Code of Virginia*, § 51.5-44.

25. The architectural barriers and other accessibility barriers constitute an ongoing act of discrimination against the Plaintiff as a person with a disability in violation of Section 51.5-44 of the Code of Virginia.

26. As a direct and proximate result of Defendant's intentional and negligent failure to remove barriers to access that exist on Defendant's properties, Plaintiff was and continues to be denied access and his civil rights were and continue to be violated.

27. Consequently, Mr. Walden seeks monetary damages from Defendant pursuant to *Code of Virginia*, § 51.5-46 for the discrimination he experienced and continues to experience.

## PRAYER FOR RELIEF

WHEREFORE, Ronald W. Walden, Jr. demands judgment and execution against Defendant and requests the Court provide the following injunctive and declaratory relief:

A. Declare the Properties owned and administered by Defendant are in violation of the ADA;

B. Enter an order directing Defendant to alter its facilities on the Properties to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. Enter an order directing Defendant to evaluate and neutralize its policies and procedures toward persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D. Award to the Plaintiff reasonable attorneys' fees, costs (including expert fees), and other expenses of this action;

E. Award such other and further relief as it deems necessary, just and proper;

F. Issue a Declaratory Judgment that Defendant violated the Virginia Rights of Persons with Disabilities Act;

G. Order Defendant to alter the Properties to make the facilities accessible to and usable by individuals with disabilities to the extent required by the Virginia Statewide Building Code;

H. Award Plaintiff monetary damages from the Defendant pursuant to *Code of Virginia* § 51.5-46; and

I. Award Plaintiff such other additional and proper relief as may be just and equitable.

**RONALD W. WALDEN, JR**.

By: <u>*/s/*  Lindsey Clayton Magee Gordley</u>
    L. Clayton Magee, Esquire
    Virginia State Bar #95399
    Deborah C. Waters, Esquire
    Virginia State Bar #28913
    Waters Law Firm, P.C.
    Town Point Center Building, Suite 600
    150 Boush Street
    Norfolk, VA  23510
    Telephone: (757) 446-1434
    Facsimile: (757) 446-1438
    cmagee@waterslawva.com
    dwater@waterlawva.com

*Counsel for Plaintiff*